IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01308-GPG

EDITH L. JACKSON-COBB,

    Plaintiff,

v.

SPRINT UNITED MANAGEMENT,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Edith L. Jackson-Cobb, has filed *pro se* a Title VII Complaint (ECF No. 1). The court must construe the complaint liberally because Ms. Jackson-Cobb is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Ms. Jackson-Cobb will be ordered to file an amended complaint if she wishes to pursue her claims in this action.

The complaint is deficient because Ms. Jackson-Cobb fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to

meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

   Ms. Jackson-Cobb fails to provide a short and plain statement of her claims showing she is entitled to relief and she fails to specify the relief she seeks.  Ms. Jackson-Cobb indicates in the complaint that Defendant discriminated against her because of race, color, religion, sex, age, and retaliation by demoting or discharging her from employment and refusing a shift request.  (*See* ECF No. 1 at 2.)  However, Ms. Jackson-Cobb does not assert any specific claims for relief in the complaint and she fails to provide specific factual allegations that demonstrate Defendant discriminated against her for any of the reasons she indicates.  Although the Title VII Complaint form allows a party to attach to the complaint a copy of the administrative charge of discrimination as an alternative to restating the specific claims for relief being asserted, Ms. Jackson-Cobb has not attached to the complaint a copy of her administrative charge of discrimination.  Instead, the only document attached to the complaint is a copy of the administrative determination of the Colorado Civil Rights Division that, although relevant to the claims Ms. Jackson-Cobb apparently intends to assert, does

not provide a short and plain statement of those claims as required under Rule 8.

"[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations." *Hall*, 935 F.2d at 1110.  Therefore, Ms. Jackson-Cobb must file an amended complaint.  Ms. Jackson-Cob must identify the specific claims she is asserting and the specific facts that support each asserted claim.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Ms. Jackson-Cobb file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order.  It is

FURTHER ORDERED that Ms. Jackson-Cobb shall obtain the appropriate court-approved Title VII Complaint form, along with the applicable instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov).  It is

FURTHER ORDERED that, if Ms. Jackson-Cobb fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED June 22, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge