IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01308-GPG

EDITH L. JACKSON-COBB,

    Plaintiff,

v.

SPRINT UNITED MANAGEMENT,
STACEY WILSON,
DELVIN WILLIS,
CAROL RUTAN,
GREGORY BOOTS,
JOHN MESSALL,
KITCHIN TAYLOR, and
JENNIFER HEINZ, et al.,

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW CASE

    Plaintiff, Edith L. Jackson-Cobb, initiated this action by filing *pro se* a Title VII Complaint (ECF No. 1).  On June 22, 2015, Magistrate Judge Gordon P. Gallagher ordered Ms. Jackson-Cobb to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  On June 30, 2015, Ms. Jackson-Cobb filed an Amended Title VII Complaint (ECF No. 6).

    The Court must construe the Amended Title VII Complaint liberally because Ms. Jackson-Cobb is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

    Ms. Jackson-Cobb has been granted leave to proceed *in forma pauperis*

pursuant to 28 U.S.C. § 1915. Therefore, the Court must dismiss any claims that are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). The Court will dismiss the Amended Title VII Complaint in part as legally frivolous.

Ms. Jackson-Cobb contends in the Amended Title VII Complaint that she was discriminated against in the terms and conditions of her employment for a variety of reasons. Her claims that she was discriminated against because of her race, color, religion, and sex properly are asserted pursuant to Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e-2(a)(1). Ms. Jackson-Cobb also claims she was discriminated against because of her age and disability. The Court construes these claims liberally as being asserted pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., respectively.

Ms. Jackson-Cobb may not assert her employment discrimination claims against the individual Defendants. *See Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir. 1999) (recognizing that Title VII, the ADEA, and the ADA all prohibit discrimination by an "employer" and do not authorize personal capacity suits against individuals who do not otherwise qualify as employers). Ms. Jackson-Cobb does not allege any facts that demonstrate any of the individual Defendants is an employer under Title VII, *see* 42 U.S.C. § 2000e(b), the ADEA, *see* 29 U.S.C. § 630(b), or the ADA, *see* 42 U.S.C. § 12111(5)(A). Therefore, her employment discrimination claims against the

individual Defendants are legally frivolous and the individual Defendants will be dismissed as parties to this action.

The Court will not address at this time the merits of Ms. Jackson-Cobb's employment discrimination claims against Sprint United Management.  Instead, the action will be drawn to a presiding judge and, if applicable, to a magistrate judge.  *See* D.C.COLO.LCivR 8.1(c).  Accordingly, it is

ORDERED that Plaintiff's claims against the individual Defendants are dismissed as legally frivolous.  It is

FURTHER ORDERED that Defendants Stacey Wilson, Delvin Willis, Carol Rutan, Gregory Boots, John Messall, Kitchin Taylor, and Jennifer Heinz are dismissed as parties to this action.  It is

FURTHER ORDERED that this case shall be drawn to a presiding judge and, if applicable, to a magistrate judge.

DATED at Denver, Colorado, this  28th  day of     July        , 2015.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court